# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1638 | **DATE** | 6/4/2003 |
| **CASE TITLE** | In re: John Rath vs. American National Bank and Trust | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Though it is true that the Rath brief is flawed in the respects identified by Bank's counsel, this Court's preference is for the rejection of Rath's position on the merits- - and because Rath's deficiencies are so patent and pervasive, this Court does so.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✔ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUN 0 6 2003 | | |
| ✗ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | 13 |
| | Copy to judge/magistrate judge. | | 6/4/2003 | | |
| SN | courtroom deputy's initials | | date mailed notice | | |
| | | | SN | | |
| | | central Clerk's Office | mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK
03 JUN -5 PM 1:51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED

JUN 0 6 2003

In re:                              )
                                    )
    JOHN F. RATH,                   )
                                    )
                Appellant,          )
                                    )
    v.                              )   No.  03 C 1638
                                    )
AMERICAN NATIONAL BANK AND TRUST    )
COMPANY OF CHICAGO, et al.,         )
                                    )
                Appellees.          )

MEMORANDUM OPINION AND ORDER

John Rath ("Rath") has appealed from the January 12, 2003
decision of Bankruptcy Judge Robert Ginsberg that denied Rath's
discharge because of his extensive violations of a host of the
subparts of 11 U.S.C. §727(a):[1]  its subsections (2)(A), (2)(B),
(3) and (4).  Because Rath's appeal is so patently lacking in
merit as to border upon (if not indeed to cross the border of)
frivolousness, it merits only short shrift here.

In addition to reading and considering the parties'
memoranda, this Court has read the 499-page transcript of the
three-day trial before Judge Ginsberg.  Although this Court's
role here is that of an appellate tribunal rather than that of a
de novo trier of fact and law, it can say with confidence that if
it had served instead as a court of first resort it would have
arrived at exactly the same result, and for exactly the same

---

[1]  All further references to Title 11's provisions will
simply take the form "Section--."



reasons, as did the extremely able Bankruptcy Judge.

Judge Ginsberg's memorandum opinion and order is extraordinarily meticulous. Its 39 pages set out in painstaking detail the many respects in which Rath flouted the requirements of each of the listed subparts of Section 727(a) through repeated and deliberate acts of concealment, improper transfers, false statements, outright fraud and more. It would be an act of supererogation for this Court to parrot the amply supported findings of fact and conclusions of law that have been set out by Judge Ginsberg--instead this Court approves them in every respect.

By contrast, the Brief of Appellant and the Reply Brief filed by Rath's counsel advance a spin on the facts from Rath's biased perspective, in no way posing even a colorable argument that any of Judge Ginsberg's findings of fact could be viewed as "clearly erroneous."[2] And there is really no quarrel as to the legal standards that apply to Section 727(a).

In partial response, appellee American National Bank & Trust Company of Chicago, n/k/a Bank One, NA ("Bank") also urges dismissal on technical grounds as well: It points to Rath's failure to comply with the requirements of Federal Rule of

---

[2] To the extent that the Rath briefs seek to challenge the factual findings by referring to Rath's testimony, for example, that amounts to an attempt to erect a structure on a nonexistent foundation. Judge Ginsberg discredited that testimony, with more than ample reason to do so.

Bankruptcy Procedure 8010. Though it is true that the Rath brief

is flawed in the respects identified by Bank's counsel, this

Court's preference is for the rejection of Rath's position on the

merits--and because Rath's deficiencies are so patent and

pervasive, this Court does so.[3]

Milton I. Shadur
Senior United States District Judge

Date: June 4, 2003

---

[3] Bankruptcy Trustee Joseph Voiland, properly designated as an additional appellee, requested and was granted an extension of time to file his own brief in opposition. But the extended due date of June 3 that he sought has come and gone without such a filing. No matter--the combination of Judge Ginsberg's thorough opinion and Bank's brief as appellee has been more than ample to the task.